OPINION
On February 27, 1999, Deputy Chad Carson of the Licking County Sheriff's Department was on routine patrol in Licking County. At 9:15 that evening, Deputy Carson was parked in a retail parking lot, in his cruiser, completing some paper work. He noticed a vehicle operated on the road near the parking lot. He saw the vehicle drive by the parking lot, and heard the vehicle returning to his area, noting that the car sounded as if it was accelerating. The vehicle in question pulled into the parking lot occupied by the officer. The officer recognized the driver as appellant, John Luckeydoo. Appellant asked the officer if he (appellant) were drunk, would the officer chase him. The officer did not immediately answer. Appellant rapidly accelerated and left the parking lot. When he left the driveway, he sprayed gravel all over the front of the cruiser, and was fishtailing in the driveway. Appellant pulled out onto Route 79, turned southbound, and fishtailed on the paved portion of the roadway. At that time, the officer turned on his headlights, activated his overhead lights and siren, and proceeded to pursue appellant. Appellant became involved in an accident with another vehicle during the course of the pursuit. Appellant's vehicle was damaged and he, therefore, pulled over to the side of the road. The officer caught up to appellant, and the appellant exited the vehicle holding a bottle of Zima. The officer took appellant into custody. While he was patting appellant down and handcuffing him, the passenger in the vehicle, who was pregnant, began screaming at the officer and causing "a ruckus." Tr. 77. After requesting that a squad be sent to check the passenger for injuries, the officer placed appellant in the cruiser. Appellant was taken to the police station. When the officer asked appellant if he would take a breathalyzer test, appellant replied that there was no need to take the test, as he was drunk and would admit to that. When the officer asked appellant how much alcohol he had consumed that evening, appellant replied that he had ten rum and cokes, six Zima's, and whatever had been removed from the six-pack that was in the car. When the vehicle was checked, officers found a six-pack container, with all but two bottles removed. Appellant was charged with Failure to Comply with the Signal of a Police Officer (R.C. 2921.331), Driving Under the Influence (R.C. 4511.19), and Reckless Operation (R.C. 4511.201). The Failure to Comply with the Signal of an Officer charge proceeded to jury trial, after appellant informed the court that he would enter guilty pleas to each of the two misdemeanor charges. Following trial, appellant was convicted as charged, and sentenced to fifteen months incarceration. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING, OVER THE OBJECTION OF THE DEFENDANT-APPELLANT, EVIDENCE OF THE DEFENDANT-APPELLANT'S POST-ARREST CONDUCT, ALCOHOL CONSUMPTION AND LEVEL OF INTOXICATION TO REACH THE JURY.
Appellant argues that evidence concerning his intoxication was irrelevant in the trial, as the trial was limited to the charge of Failing to Comply with the Signal of an Officer. Appellant also argues that even if the evidence was relevant, its probative value was outweighed by its potential for prejudice. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without such evidence." R.C. 2921.331 provides that no person shall operate a motor vehicle so as to willfully elude or flee a police officer, after receiving a visible signal from the officer to bring the person's motor vehicle to a stop. In the instant case, evidence of appellant's intoxication on the night in question gave him a motive to not stop for the pursing officer; namely, to avoid being cited for Driving Under the Influence. The evidence negated appellant's argument that he simply did not hear the siren or flashing lights, and made it less likely that appellant was failing to stop through mistake or accident. Further, appellant was charged with a felony level violation of the statute. The crime is a felony if it is established that the operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. The fact that appellant was intoxicated substantially increased the risk that something or someone would be seriously harmed. Further, the evidence is admitted as immediate background to the offense, as the chase began when appellant asked the officer if the officer would chase him if appellant was drunk. Although evidence is relevant, it is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A). Appellant makes a general claim that evidence of drinking is so prejudicial, due to the views of society concerning drunk driving, that it outweighed its probative value in the instant case. Appellant has made no specific demonstration of prejudice in the instant case. As outlined above, the evidence of intoxication made it more likely that appellant was deliberately fleeing the officer, and was extremely probative on the issue risk of substantial harm. Appellant has not demonstrated any specific prejudice in this case to outweigh the probative value of such case.
The Assignment of Error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
By: Reader, V.J. Wise, P.J. and Edwards, J. concur.